SHAWN N. ANDERSON
United States Attorney
BENJAMIN K. PETERSBURG
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 24-00020 |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| JOSUEL SANCHEZ USANA, | |
| Defendant. | |

COMES NOW, the United States of America, by and through undersigned counsel, and submits the following sentencing memorandum:

**I. STATEMENT OF THE CASE AND FACTS**

The Defendant, JOSUEL SANCHEZ USANA, was charged via Indictment on June 12, 2024, with two counts of Attempted Enticement of a Minor in violation of 18 U.S.C. § 2422(b). On October 8, 2024, the Defendant appeared and pled guilty to Count 1 of the Indictment pursuant to a plea agreement.

The facts of this case are stated in great detail in the Presentence Investigation Report (ECF No. 31). The factual basis underlying Defendant's guilty plea is as follows:

On or about May 2, 2024, Air Force OSI and HSI-Guam began a joint undercover

operation to identify and target individuals who were seeking to contact and engage in sexual activity with minor children. Agents created multiple online personas on several social networking applications and posted in online forums. Relevant to this case, an agent (UC) created a persona for a 14-year old girl located on Andersen Air Force Base (AAFB) using a social media application.

On May 30, 2024, a user with the account name "EnjoyEverything" sent a message to the UC. "EnjoyEverything" identified himself as "Josh" and directed the UC to message his number for faster response. Agents queried law enforcement databases and determined that the cell phone number was associated with Josuel Sanchez Usana (Usana), a civilian employee of a military contractor with access to AAFB. Within the first few messages, the UC said that she was 14 years old and still in school. Usana asked the UC about her weekend plans and discussed meeting up with the UC. Usana told the UC he was looking for "friends with benefits" and "no strings attached," which he clarified meant "intercourse and with a condom." Usana asked the UC about her prior sexual experience and said he wanted to "taste" her. Usana continued discussing the sexual activity he wished to engage in with the UC and asked to send explicit videos to each other. Usana agreed to meet the UC at the AAFB front gate that evening and to bring McDonalds and a King Car drink. Usana said he would be driving a black Toyota Tacoma. The UC mentioned that she had a friend and created a group chat with Usana. Usana agreed to meet both of them and to pick them up and engage in sexual activity. Usana sent several "selfie" type pictures of himself to the UC.

Later that same day a black Toyota Tacoma was seen entering the AAFB, Guam Visitors Center parking lot. Usana was located in the black Toyota Tacoma. Agents at the scene observed Usana who appeared to be the same person depicted in the "selfie" photos sent to the UC. Inside Usana's vehicle, agents observed a McDonalds bag and King Car drink as requested by the UC

and a box of condoms.

On or about May 30, 2024, Defendant Usana used a facility of interstate and foreign commerce, that is, his cellphone and the Internet, to knowingly attempt to persuade, induce, and entice a person who the Defendant believed to be under eighteen years of age, to engage in sexual activity for which a person can be charged with a criminal offense. The Defendant took multiple actions constituting substantial steps towards committing the crime to include that he sent numerous communications to a person he believed was a 14-year old girl discussing the sex acts he wished to perform with her and that he traveled to the AAFB Visitor's Center parking lot in order to meet up with the person he believed was a 14-year old girl.

After his arrest, Usana waived his rights and agreed to talk with investigating agents. During the recorded interview, Usana admitted to traveling to AAFB in order to engage in sexual activity with an individual he believed to be 14-years old.

## II. PRESENTENCE INVESTIGATION REPORT

The government has no objections to the Presentence Investigation Report.

## III. SENTENCING CALCULATIONS

The Defendant's offense level computation should be as follows:

For Transportation of Child Pornography:

| | |
|---|---|
| Base offense level, USSG § 2G1.3(a)(3) | 28 |
| Use of a computer or interactive computer service, 2G1.3(b)(3) | +2 |
| Acceptance of responsibility, 3E1.1(a) and (b) | <u>-3</u> |
| Total Offense Level | 27 |

The Defendant's Criminal History Category as calculated by United States Probation is I. Violations of 18 U.S.C. § 2422(b) carry a mandatory minimum sentence of 120 months. Therefore, the Defendant has an advisory guidelines sentence range of 120 months imprisonment.

Pursuant to the plea agreement, the Government will seek a sentence of 120 months imprisonment, 5-years of supervised release, and any other conditions recommended by the U.S. Probation Office.

## IV. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In *United States v. Booker*, the Supreme Court excised the provisions that made the Guidelines mandatory, and thus "made the Guidelines effectively advisory." *United States v. Booker*, 125 S.Ct. 738, 756-57 (2005). As modified, the Sentencing Reform Act now "requires a sentencing court to consider Guidelines ranges, see 18 U.S.C. § 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Id.* at 757. Further, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767; *see* 18 U.S.C. § 3553(a)(4)(5). "[T]he Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deference, [and] protect the public . . . ." *Id.* at 765; *see* 18 U.S.C. §3553(a)(2). In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit stated that the Guidelines are the starting point for a district court in determining a reasonable sentence. *Id.* at 991. The district court's inquiry should then turn to the section 3553(a) factors "to decide if they support the sentence suggested by the parties." *Id.* When fashioning a sentence, courts should consider, among other things, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and adequately deter criminal conduct; (3) the Sentencing Guidelines and related policy statements; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution. 18 U.S.C. § 3553(a). In this case, these factors support a sentence of 120 months imprisonment and 5-years of supervised release with the conditions stipulated to in the

plea agreement and any other conditions recommended by USPO.

1. <u>Nature and circumstances of the offense and the history and characteristics of the defendant:</u>

Here, the Defendant committed a very serious crime that demonstrates his danger to the community in that he actively sought to engage in sexual activity with a person be believed to be a 14-year old minor and used the internet to do so. Defendant Usana showed no hesitation when he learned that the person he was communicating with was 14-years old and detailed the sort of sexual activity he intended to engage in. Here, a sentence of 151 months imprisonment, 5-years of supervised release, and any other conditions recommended by the U.S. Probation Office properly accounts for Defendant's misconduct.

2. <u>Need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense:</u>

A sentence of 120 months imprisonment, 5-years of supervised release, and any other conditions recommended by the U.S. Probation Office is appropriate to reflect the seriousness of the offense and promote respect for the law. The requested term will also provide just punishment for the offense under these circumstances.

3. <u>Need for sentence imposed to afford adequate deterrence to criminal conduct:</u>

The Defendant must be deterred from committing additional crimes. The sentence of 120 months imprisonment, 5-years of supervised release, and any other conditions recommended by the U.S. Probation Office should further reduce the Defendant's incentive to commit additional crimes of this nature. Similarly, the recommended sentence will serve to deter others from committing similar crimes.

4. <u>Need for sentence imposed to protect the public from further crimes of the Defendant:</u>

A sentence of 120 months imprisonment, 5-years of supervised release, and any other

conditions recommended by the U.S. Probation Office will be sufficient to protect the public from further crimes by the Defendant.

5. <u>Need for sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in most effective manner:</u>

The Government is not aware of any specific need in this regard, but a custodial sentence should allow the Defendant to obtain additional vocational training.

6. <u>The kinds of sentences available:</u>

The sentence range is within Zone D. In general, for a guidelines range within Zone D of the Sentencing Table, "the minimum term shall be satisfied by a sentence of imprisonment." U.S.S.G. § 5C1.1(f). Here, the recommended sentence complies with the guidelines requirements.

7. <u>The kinds of sentence and the sentence range established under the Guidelines:</u>

The Guidelines call for a sentence of 120 months imprisonment, and the offense of conviction carries a mandatory minimum sentence of 10 years imprisonment. The Government believes the recommended sentence is fair and reasonable given the timely acceptance of responsibility.

8. <u>Any pertinent policy statements issued by the Sentencing Commission:</u>

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:</u>

The Guidelines range and recommended sentence is consistent with those applicable to similarly situated defendants and will therefore not create disparities among defendants convicted of a similar crime.

10. <u>Need to provide restitution to any victims of the offense:</u>

There is no restitution in this case.

## V. CONCLUSION

The Government recommends that the Court sentence Defendant JOSUEL SANCHEZ USANA to a term of 120 months imprisonment and 5-years of supervised release on the stipulated conditions in the plea agreement. The recommended sentence is appropriate to reflect the seriousness of the offense and promote respect for the law, to protect the public, and to deter Defendant Wood and others from engaging in future offenses.

The Government submits that such sentence is appropriate and reasonable given the applicable Guidelines range and the factors set forth in 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED this 27th day of December, 2024.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: */s/ Benjamin K. Petersburg*
BENJAMIN K. PETERSBURG
Assistant U. S. Attorney

U.S. SENTENCING MEMO - 7

Case 1:24-cr-00020    Document 32    Filed 12/27/24    Page 7 of 7